## IN THE MATTER OF JACQUES S. LEDERMAN, AN ATTORNEY-AT-LAW.

Argued September 14, 1965—Decided October 7, 1965.

*Mr. Morgan R. Seiffert,* for the order to show cause.

*Mr. David I. Stepacoff* argued the cause for respondent.

The opinion of the court was delivered

PER CURIAM. Three clients of respondent filed complaints against him alleging unethical conduct in connection with the handling of funds intrusted to him in matters in which he represented them. Certain delinquencies in connection with respondent's appearances before the Ethics Committee and this Court resulted in an order of October 6, 1964 suspending him from the practice of law pending disposition of the charges.

Ultimately hearings before the Ethics Committee were completed and thereafter three presentments were filed in this Court against respondent.

It appeared at the hearings before the Committee that throughout the period covered by the transactions in question, respondent maintained but one checking account in connection with the conduct of his law practice. Into this account went all moneys received by him whether they were fees or other personal moneys or trust or escrow funds of his clients. He had no separate trust account for clients' funds.

On a number of occasions this Court has pointed out that it is the obligation of members of the bar to have a separate bank account for deposit and disbursement of clients' money, and that under no circumstances are such funds to be deposited in an office-operating general or personal account. For example, in *In re Banner,* 31 *N. J.* 24, 28 (1959) we said:

"It is not inappropriate in this connection to point out that compliance with the obligation [maintenance of a separate trust account] and avoidance of embarrassment and difficulty can only be made certain by adherence to substantially the following minimum procedures:

the full amount of all checks made payable to an attorney in his fiduciary capacity, as well as all cash similarly paid him, should be immediately deposited in the essential separate account used for that purpose alone."

Respondent's disregard of ethical propriety did not end with failure to establish and utilize a trust account. The one general checking account maintained by him in which all moneys received by him, whether trust or personal, were deposited indiscriminately, was used for all purposes, operation of his law office, payment of personal obligations, and withdrawals for personal income. More particularly, it appears beyond question that in each of the proceedings now before us the clients' trust funds were deposited in the general account and commingled with whatever moneys happened to be contained therein at the time.

Once these clients' funds were placed in respondent's general account, checks were drawn indiscriminately on the account for all purposes, office operation as well as for purely personal expenses. As so often happens when such commingling occurs, the evidence, and specifically respondent's bank records and statements, reveals incontrovertibly that in all three of the present instances, the account was drawn upon for respondent's own obligations to the point where it was obvious he was using clients' funds for his own purposes. The extent of use reached the stage on a number of occasions during the period involved in the three transactions with which the presentments are concerned, that checks issued for personal purposes were returned on account of insufficient funds.

■■ There can be no doubt that the record bespeaks improper and illegal use of clients' funds in each of the instances before us. That the respondent did not intend to divert the money permanently for his own purposes, or that he intended to replace it ultimately cannot eliminate the unethical conduct involved. Nor can such elimination result from the fact that in each instance complained of, after undue delay and pressure on the part of the clients, he satisfied the monetary

obligations for which the funds were intrusted to him. As we said in *Banner, supra*:

"The funds in the hands of an attorney that belong to a client or others must be kept inviolate." 31 *N. J.*, at *p.* 27

■■ The conduct engaged in by respondent cannot be condoned. It is the duty of this Court to protect the public against members of the bar who do not honor the trust and confidence so essential to the relationship of attorney and client. After a consideration of all the circumstances presented to us, we have concluded that suspension from the practice of law for 18 months and until the further order of this Court should be, and is hereby, imposed on respondent, credit to be given thereon for the period between the date of the existing order of suspension and the date hereof.

At the end of the period of suspension respondent may be restored to practice, subject to the following conditions:

1. The Ethics Committee, after hearing, is satisfied respondent did not engage in the practice of law here throughout the period of suspension and that his conduct during the period has been such as to warrant reinstatement;

2. On the resumption of his practice of law respondent establishes and thereafter maintains a trust account into which shall be deposited all clients' or other trust funds which come into his hands for disbursement or other fiduciary purpose;

3. That respondent maintain a ledger or book of account for the purpose of recording receipt and disbursement of all funds of clients or of any other person or company which come into his possession or are delivered to him for handling; and further that such ledger or book of account be kept current and at all times show the status of such funds; and

4. That for a period of two years from the order for reinstatement, at intervals designated by the Committee, he produce for Committee inspection all bank accounts, particularly the trust account, bank statements and ledger or book

of account, and satisfy it that his duty as an attorney with respect to the handling of trust funds is being discharged properly.

So ordered.

*For suspension for 18 months*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*Opposed*—None.